**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Jacob Matthew MARTINEZ,**
**Defendant-Appellant**

**No. 15-41327**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 11/29/2016

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Amy Howell Alaniz, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Evan Gray Howze, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: *

Jacob Matthew Martinez pleaded guilty to one count of interfering with commerce by threats or violence in violation of 18 U.S.C. § 1951(a). On remand, he was resentenced to 87 months of imprisonment, three years of supervised release, $223,627.40 in restitution, and a $100 special assessment.

As he did in his previous appeal, *see United States v. Martinez*, 614 Fed.Appx. 165, 166 n.1 (5th Cir. 2015), Martinez contends that § 1951(a) is unconstitutional on its face and as applied to his case. He concedes that his arguments are foreclosed by circuit precedent but seeks to preserve the issues for further review.

The appeal was stayed pending the Supreme Court's decision in *Taylor v. United States*, —— U.S. ——, 136 S.Ct. 2074, 195 L.Ed.2d 456 (2016). *Taylor* has now been decided, and the Government has filed an unopposed motion for summary affirmance asserting that Martinez's arguments remain foreclosed by circuit precedent. In the alternative, the Government requests

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an extension of time in which to file a brief on the merits.

"Generally, the law of the case doctrine precludes reexamination by the appellate court on a subsequent appeal of an issue of law or fact decided on a previous appeal." *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008). Because we rejected Martinez's challenges to the constitutionality of § 1951(a) in his previous appeal, *see Martinez*, 614 Fed.Appx. at 166 n.1, and none of the exceptions to the law of the case doctrine apply, *see Agofsky*, 516 F.3d at 283, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.